Attorneys—J S Herman for Savin; Charles B. Wilby for Bank; all of Cincinnati.

---

### No. 175
FOCKE SONS CO. v. BRUGGEMAN

Ohio Appeals, 2nd Dist., Montgomery Co.
No. 588. Decided Sept. 11, 1924.

355. DAMAGES—Punitive damages may lie in a trespass action.

ALLREAD, J.

### Epitomized Opinion
Published only in Ohio Law Abstract

The original action was begun in the Montgomery Common Pleas in which Fredricka Bruggeman sought to recover damages from the Wm. Focke Sons Co. for a trespass. Bruggeman claimed that truck driver of the Company cut wires from her fence and drove trucks over her lot to her damage. Judgment was rendered on a verdict by the jury for $500.

The Focke Sons Co. prosecuted the case to the Court of Appeals, claiming that judgment was excessive, and the question of damages was not properly charged. The Court of Appeals held:

1. The question of punitive damages was properly submitted to the jury by the court in its charge.

2. As between compensatory and punitive damages a jury is warranted in finding punitive damages under the circumstances of the case; and $500 for damages is not so excessive as to justify a reversal. Judgment affirmed.

Attorneys—Virgil Schaeffer for Company; McConnaughey and Shea for Bruggeman; all of Dayton.

---

### No. 176
COMMERCIAL NAT. BANK v. FRANKLIN Co. (Com'rs.)

Ohio Appeals, 2nd Dist., Franklin Co.
No. 1283. Decided Sept. 29, 1924.

1157. TAXATION—G. C. 5412 and 5611—In determining value of bank stock, the value of the real estate of the bank as carried on its books is to be deducted from the resources.

MAUCK, J.

### Epitomized Opinion
Published only in Ohio Law Abstract

The Commercial National Bank in its return to the County Auditor of its resources and liabilities, under 5411 GC for 1922, showed certain real estate at a valuation of $266,572.24.

In arriving at the value of the bank stock the Auditor only deducted from the reported resources $181,930.00, as the value of the real estate, which was the amount shown on the tax duplicate. An appeal was taken to the State Tax Commission, and that body fixed the value of the bank's shares of stock at $84,640.00 less than the valuation fixed by the Auditor. Error was prosecuted to the Common Pleas Court, which reversed the Tax Commission's finding and fixed the value of the shares at the same figures as the County Auditor. From this decision error was prosecuted to the Court of Appeals, which, in reversing the judgment of the Common Pleas Court held:

1. The statute does not undertake to prescribe rules generally for ascertaining the value of securities held by a bank, and much must be confided to the judgment of the assessing officers and tribunals. The Tax Commission made the deduction because otherwise a gross inequality would exist between the owners of the real estate in question and others interested in real estate in the same city or taxing district.

2. The Tax Commission not only had the power, but the duty, to ascertain the resources of the bank measured by the statutory rule for fixing the value of the bank's real estate at $84,680.00 less than those resources were on the bank's books.

Attorneys—J. J. McQueen, F. C. Calkins and A. M. Calland for the Bank; John R. King for Commissioners.